**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GHOLAMREZA BOJNOORDI,
*Petitioner*,

v.

ERIC H. HOLDER, Jr., Attorney
General,
*Respondent*.

No. 10-73588

Agency No.
A071-524-565

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 2, 2014—Pasadena, California

Filed July 7, 2014

Before: Ronald M. Gould and N.R. Smith, Circuit Judges,
and Edward R. Korman, Senior District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' determination that a native of Iran provided material support to a Tier III terrorist organization and was thus ineligible for immigration relief other than deferral of removal under the Convention Against Torture.

The panel held that the statutory terrorism bar at 8 U.S.C. § 1182(a)(3)(B) applies retroactively to petitioner's material support of a Tier III organization, the Mojahedi-e Khalq ("MEK"), even though his activities with MEK in the 1970s were before it was officially designated as a terrorist group.

The panel held that substantial evidence supported the Board's determination that MEK was a terrorist organization in the 1970s. The panel further held that Bojnoordi provided material support to MEK during the 1970s and that he failed to show by clear and convincing evidence that he did not know, or should not reasonably have known, that MEK was a terrorist organization during that time frame.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Lisa Anderson (argued) and Houman Varzandeh, Varzandeh Anderson LLP, Los Angeles, California, for Petitioner.

Lyle Davis Jentzer (argued), Attorney; Tony West, Assistant Attorney General; Ethan B. Kanter, Deputy Chief, National Security Unit; Edward J. Duffy, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

## OPINION

GOULD, Circuit Judge:

Petitioner Gholamreza Bojnoordi challenges a Board of Immigration Appeals ("BIA") determination that he provided material support in the 1970s to a "Tier III"[1] terrorist organization, Mojahedin-e Khalq ("MEK"), making him statutorily ineligible for immigration relief other than deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review for the reasons stated below.

---

[1] The Immigration and Nationality Act ("INA") divides "terrorist organization" into three categories: a "Tier I" organization is officially designated by the Secretary of State as a foreign terrorist organization under 8 U.S.C. § 1189; a "Tier II" organization is otherwise designated as a terrorist organization by the Secretary of State in consultation with the Attorney General or Secretary of Homeland Security; and a "Tier III" organization is "a group of two or more individuals . . . which engages in" terrorist activities as defined by 8 U.S.C. § 1182(a)(3)(B)(iv)(I)-(VI). *See* 8 U.S.C. § 1182(a)(3)(B)(vi)(I)-(III).

We review "constitutional and other questions of law de novo." *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We review factual findings and mixed questions of law and fact for substantial evidence. *Id.*

Bojnoordi, a native and citizen of Iran, contends that the statutory terrorism bar[2] does not apply retroactively to his activities with MEK in the 1970s because MEK was not then officially designated as a terrorist group.[3]  But the plain language of the INA contradicts Bojnoordi's statutory argument.  *See* 8 U.S.C. § 1182(a)(3)(B); Uniting and Strengthening America By Providing Appropriate Tools Required to Intercept and Obstruct Terrorism (USA Patriot Act) Act of 2001, Pub. L. No. 107-56, § 411(c), 155 Stat. 272 (2001).  The PATRIOT Act amendments to the INA are generally retroactive. *See* § 411(c)(1)(A).  While there is an exception to retroactivity for certain activities involving a "Tier I" or "Tier II" terrorist organization, *see* § 411(c)(3)(A), such an exception to the terrorism bar expressly does not apply to an alien's material support of a "Tier III" terrorist organization.  *See* § 411(c)(3)(B)(ii); *see also* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd) (material support); 8 U.S.C. § 1182(a)(3)(B)(vi)(III) ("Tier III" terrorist organization).

We hold that the statutory terrorism bar applies retroactively to an alien's material support of a "Tier III"

---

[2] Most forms of immigration relief are barred by statute for aliens who have engaged in terrorist activities. *See Haile v. Holder*, 658 F.3d 1122, 1125–26 (9th Cir. 2011) (listing statutory provisions).

[3] Bojnoordi's participation with MEK predated official designation of MEK as a "Tier I" terrorist organization.  MEK was designated by the Secretary of State as a foreign terrorist organization under 8 U.S.C. § 1189 in 1997.  This designation was removed in 2012.

terrorist organization. This is a consequence of a normal reading of the INA as amended by the PATRIOT Act. As we explained in *Haile v. Holder*, "aliens who have engaged in terrorist activities are precluded from seeking several forms of relief from removal, including asylum, withholding, and CAT protection in the form of withholding, but remain eligible for deferral of removal under the CAT." 658 F.3d at 1125-26. The statutory terrorism bar applies to Bojnoordi because MEK was a "Tier III" terrorist organization during the time that Bojnoordi gave it material support, including weapons training for MEK members, in the 1970s.

Bojnoordi further contends that the BIA did not give factual support for its conclusions (1) that MEK was a "Tier III" terrorist organization during the 1970s, and (2) that Bojnoordi provided material support to MEK in that period of time. We disagree.

The INA defines "terrorist organization" and "engag[ing] in terrorist activity" broadly. *Annachamy v. Holder*, 733 F.3d 254, 258 (9th Cir. 2013); *Khan*, 584 F.3d at 777. Substantial evidence in the record supports the BIA's determination that MEK was a "Tier III" terrorist organization during the 1970s. The government submitted a 2001 U.S. Department of State Report on Foreign Terrorist Organizations that said MEK staged terrorist attacks inside Iran and killed United States military personnel and civilians working on defense projects. The report also said that MEK supported the takeover of the United States embassy in Tehran in 1979. The government submitted other secondary materials stating that MEK participated in terrorist activities in Iran in the late 1970s, including assassinating six United States nationals and opposing the release of United States hostages after the takeover of the United States embassy. These actions satisfy

the definition of terrorist activities in the INA and constitute substantial evidence that MEK was a "Tier III" terrorist organization when Bojnoordi participated in it. *See* 8 U.S.C. § 1182(a)(3)(B)(iii); *Haile*, 658 F.3d at 1127.

Substantial evidence also supports the BIA's determination that Bojnoordi gave material support to MEK in the 1970s. Bojnoordi contends that the BIA did not provide examination or analysis in its conclusion, but the BIA expressly relied upon the IJ's findings that Bojnoordi passed out flyers, wrote articles, and trained MEK members on the use of guns in the mountains outside Tehran, knowing that this training would further MEK's goals. These activities show substantial evidence of material support. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI); *Haile*, 658 F.3d at 1127.

Bojnoordi testified that MEK's goal was regime change, which could only be accomplished through violence. MEK's goal remained the same, Bojnoordi said, even after the revolution because Ayatollah Khomeini treated MEK worse than the Shah did. MEK had terrorist aims in the 1970s while Bojnoordi aided its efforts. Bojnoordi has not shown by "clear and convincing evidence that he did not know, and should not reasonably have known," that MEK was a terrorist organization during the time in which he gave it material support. *See* 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd); *Khan*, 584 F.3d at 785.

Because the statutory terrorism bar applies retroactively to Bojnoordi's material support of MEK through the 1970s when MEK was a "Tier III" terrorist organization, Bojnoordi

is only eligible for deferral of removal under CAT, which he has received.

**PETITION FOR REVIEW DENIED**.