**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEPTEMBER 16
2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERMIN MEJIA HERNANDEZ, AKA Fermin Mejia Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 13-70903 <br><br> Agency No. A201-236-639 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 8, 2014
San Francisco, California

Before: SCHROEDER, OWENS, and FRIEDLAND, Circuit Judges.

Fermin Mejia Hernandez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.   We review the agency's factual

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

findings and mixed questions of law and fact for substantial evidence, and questions of law de novo. *Bojnoordi v. Holder*, 757 F.3d 1075, 1077 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Hernandez argues that we should import the regulatory definition of an "arriving alien," 8 C.F.R. § 1001.1(q), into the statutory provision setting forth the one-year time limit for filing an asylum application, 8 U.S.C. § 1158(a)(2)(B). The term "arriving alien" does not appear anywhere in the language of § 1158(a)(2)(B) and is therefore irrelevant in interpreting that provision.

Because Hernandez's application for asylum was untimely, it is statutorily barred unless he can demonstrate the existence of changed circumstances that materially affect his eligibility for asylum. *See id.* § 1158(a)(2)(B), (D). We lack jurisdiction to review Hernandez's argument that the BIA misinterpreted his testimony regarding what would happen if he were to return to Guatemala. *See id.* § 1158(a)(2)(D), (3). Hernandez has not pointed to anything in the record indicating a change in country circumstances that would materially affect his eligibility for asylum.

Substantial evidence supports the BIA's finding that there was no nexus between the attacks Hernandez suffered and his membership in a particular social group. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random

2

violence by gang members bears no nexus to a protected ground."). Hernandez's withholding of removal claim thus fails.

Finally, Hernandez's CAT claim fails because the type of economic deprivation that Hernandez describes does not amount to torture. *See Vitug v. Holder*, 723 F.3d 1056, 1060, 1066 (9th Cir. 2013) (finding that economic deprivation arising from the nonresident's inability to find a job in the Philippines did not amount to torture).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**