**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANA RAMIREZ-GOMEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General

Respondent.

No. 13-70255

Agency No. A039-804-466

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2016
Pasadena, California

Before: GOULD, MELLOY,[**] and HURWITZ, Circuit Judges.

Ana Ramirez-Gomez, a native and citizen of Mexico, petitions for review of the

dismissal by the Board of Immigration Appeals ("BIA") of her appeal of an order of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. "We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

'constitutional and other questions of law de novo.'" *Bojnoordi v. Holder*, 757 F.3d 1075, 1077 (9th Cir. 2014) (quoting *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009)).

In 2004, Ramirez-Gomez pleaded guilty to infliction of corporal injury on a spouse or cohabitant, in violation of California Penal Code section 273.5. In 2012, Ramirez-Gomez pleaded guilty to assault with a deadly weapon in violation of California Penal Code section 245(a)(1). In ordering Ramirez-Gomez removed, the immigration judge ("IJ") relied only on her 2004 conviction pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) (providing that an alien "convicted of a crime of domestic violence" is removable). On appeal, Ramirez-Gomez challenges the domestic violence conviction underlying the removal order. She argues that the warning she received as to the immigration consequences of her conviction, pursuant to California Penal Code section 1016.5, was inadequate. Section 1016.5(a) notifies defendants that a criminal conviction "may have the consequence[] of deportation." Ramirez-Gomez argues that, because her deportation was certain, the use of the word "may" was a deliberate misrepresentation. Ramirez-Gomez concedes that *Padilla v. Kentucky*, 559 U.S. 356 (2010), does not govern this case and, instead, likens her case to *United States v. Kwan*, which involved a *coram nobis* petition. 407 F.3d 1005, 1008 (9th Cir. 2005), *abrogated on other grounds by Padilla*, 559 U.S. 356.

The government contends that Ramirez-Gomez forfeited this claim by failing to present it to the BIA and that we lack jurisdiction to consider a collateral attack on the conviction. Further, the government argues that, even if there is no forfeiture or jurisdictional barrier, Ramirez-Gomez's claim has no merit.

First, we conclude that Ramirez-Gomez did not forfeit her claim by failing to present it to the BIA. In general, the exhaustion requirement "may exclude certain constitutional challenges that are not within the competence of administrative agencies to decide." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Such constitutional claims include those where the petitioner alleges "more than mere procedural error that [the BIA] could remedy." *Id.* (internal quotation marks omitted). In this case, Ramirez-Gomez alleges section 1016.5 is constitutionally deficient, rendering her underlying criminal conviction invalid. The BIA could not have granted relief on this claim. Therefore, we conclude that Ramirez-Gomez did not forfeit this claim when she failed to present it to the BIA.

Second, we conclude that we lack jurisdiction to consider Ramirez-Gomez's collateral attack upon her underlying state conviction for domestic violence. We have held that "[a] petitioner may not collaterally attack [her] state court conviction on a petition for review of a BIA decision." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2010). Ramirez-Gomez argues that our decision in *Kwan*

supports exercising jurisdiction. In *Kwan*, we granted *coram nobis* relief as to a federal conviction where the petitioner had been affirmatively misled by his attorney as to the immigration consequences of his criminal conviction. *Kwan*, 407 F.3d at 1018. But Ramirez-Gomez does not seek *coram nobis* relief, and even if she did, she would have to do so in state court. *See United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002) ("A writ of error *coram nobis* . . . may only be brought in the sentencing court."). Ramirez-Gomez has not explained how we could issue an order to the BIA that would cause that federal agency to lawfully vacate her California conviction. We lack jurisdiction to consider Ramirez-Gomez's claim.

**PETITION DISMISSED.**