**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR AHMED PINEDA INVENTOR;
VERNA MALLARI INVENTOR,

Petitioners,

v.

Jefferson B. Sessions III, Attorney
General,

Respondent.

No.     14-70787

Agency Nos.        A088-850-450
                   A088-593-224

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2017**
Pasadena, California

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Petitioners Omar Ahmed Pineda Inventor and Verna Mallari Inventor ask us

to review the decision of the Board of Immigration Appeals (BIA) rejecting their

applications for asylum, withholding of removal, and deferral of removal under the

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

United Nations Convention Against Torture (CAT). In assessing the BIA's decision, we review "constitutional and other questions of law de novo" and "factual findings and mixed questions of law and fact for substantial evidence." *Bojnoordi v. Holder*, 757 F.3d 1075, 1077 (9th Cir. 2014) (internal quotation marks omitted). We deny the petition for review.

1. The Inventors first challenge the BIA's conclusion that their asylum applications were untimely. Although the Inventors concede that they failed to file their applications within the requisite one year of entering the United States, *see* 8 U.S.C. § 1158(a)(2)(B), they nonetheless claim that the murder of Mrs. Inventor's brother in the Philippines a few months before the filing constitutes a "changed circumstance[]" that excuses their noncompliance with the usual deadline, *see id.* § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4). We find no evidence in the record, however, showing that Mrs. Inventor's brother was killed by the New People's Army (NPA)—the terrorist organization that persecuted the Inventors. The BIA's decision is therefore supported by substantial evidence.

2. Even if we were to assume that the Inventors' asylum applications were timely, we agree with the BIA that they would be still ineligible for both asylum and withholding of removal for two independent reasons:

2

First, the Inventors are ineligible for relief because Mrs. Inventor provided material support to a terrorist organization—the NPA—by paying them some 50,000 pesos in so-called "revolutionary taxes." *See* 8 U.S.C. § 1182(a)(3)(B) (providing that an alien who has "engage[d] in terrorist activity" by providing "material support" to a terrorist organization is inadmissible); 8 U.S.C. § 1158(b)(2)(A)(v) (providing that an alien described in § 1182(a)(3)(B)(i) is ineligible for asylum); 8 U.S.C. §§ 1227(a)(4)(B), 1231(b)(3)(B)(iv) (providing that an alien described in § 1182(a)(3)(B) is ineligible for withholding of removal). Although Mrs. Inventor did so involuntarily, we have held that duress is not an exception to the material support bar. *Annachamy v. Holder*, 733 F.3d 254, 260 (9th Cir. 2013), *overruled on other grounds by Abdisalan v. Holder*, 774 F.3d 517 (9th Cir. 2015) (en banc); *see also In re M-H-Z-*, 26 I. & N. Dec. 757 (B.I.A. 2016). Consequently, the Inventors are barred from applying for asylum and withholding of removal.

Second, even assuming that Mrs. Inventor did not engage in terrorist activities within the meaning of 8 U.S.C. § 1182(a)(3)(B)(iv)(VI), the Inventors are still ineligible for relief because they have not shown "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Ling Huang v. Holder*, 744 F.3d 1149, 1152

3

(9th Cir. 2014) (quoting 8 U.S.C. § 1101(a)(42)(A)). Although the Inventors claim that their past persecution was on account of their "political opinion," they fail to substantiate that assertion with any evidence. There is no evidence showing that the NPA was aware of the Inventors' political opinions. Indeed, Mrs. Inventor has affirmatively admitted that she did not express her political views to the terrorists. In light of such evidentiary deficiencies, the Inventors cannot meet their burden of proving the persecutors' motives. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) ("[T]he mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment is inadequate to establish (and, indeed, goes far to refute) the proposition that [the petitioner] fears persecution *on account of* political opinion, as § 101(a)(42) requires.").

**3.**     Finally, we agree with the BIA that the Inventors are ineligible for deferral of removal under CAT. *See* 8 C.F.R. § 1208.17. To qualify for relief, the Inventors must "establish that it is more likely than not that" they will be tortured if removed to the Philippines, *id.* § 1208.16(c)(2), and that the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," *id.* § 1208.18(a)(1). The Inventors provide neither evidence nor argument showing that public officials in

4

the Philippines consented or acquiesced in the past persecution, or that they are likely to do so in the future. Accordingly, their claims fail.

**Petition DENIED.**