
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILVANO CANUELA LEE, | No. 16-72448 |
| Petitioner, | Agency No. A203-235-910 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
San Francisco, California

Before: S.R. THOMAS and McKEOWN, Circuit Judges, and ORRICK,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

Silvano Canuela Lee ("Lee"), a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") final removal order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. §§ 1252(a)(1) and (a)(2)(D).

Because the BIA affirmed the IJ's decision while citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and adding its own analysis, we review both the IJ and BIA decisions. *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020). We review factual findings for substantial evidence, but review purely legal questions de novo. *Id.* We review alleged due process violations, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010), and petitioner's statutory eligibility for discretionary waivers de novo, *Negrete-Ramirez v. Holder*, 741 F.3d 1047, 1050 (9th Cir. 2014). We dismiss in part and deny in part.

I

We dismiss in part and deny in part Lee's petitions for review of the agency's denial of asylum and withholding of removal. Under 8 U.S.C. § 1158(b)(2)(D), we may only consider petitions for review of denials of asylum and withholding of removal under the material support bar that raise "colorable constitutional claims or questions of law." *Rayamajhi v. Whitaker*, 912 F.3d 1241,

2

1244 (9th Cir. 2019) (citation omitted). Lee's contention that the material support bar does not apply because he gave support to the New People's Army ("NPA") under duress is foreclosed by our circuit precedent. *See id.* ("[T]he material support bar does not include an implied exception for individuals who give support to a terrorist organization while 'under duress.'" (internal quotation marks and citation omitted)).

Lee's argument that the bar does not apply because the NPA was not recognized formally as a Tier III terrorist organization until 2002 is also foreclosed by circuit precedent. *Bojnoordi v. Holder*, 757 F.3d 1075, 1077 (9th Cir. 2014) ("[T]he statutory terrorism bar applies retroactively to an alien's material support of a 'Tier III' terrorist organization" even when the group was not so recognized when aid was given).

We deny Lee's petition for review of the IJ's determination that he reasonably should have known that the NPA was a terrorist organization. *See Khan v. Holder*, 584 F.3d 773, 780 (9th Cir. 2009). Substantial evidence supports the IJ's determination. *Id.* Terrorist activity includes "[t]he highjacking or sabotage of any [vehicle]," 8 U.S.C. § 1182(a)(3)(B)(iii)(I), as well as "seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person" to take certain action, 8 U.S.C.

3

§ 1182(a)(3)(B)(iii)(II). Lee testified that the NPA seized his trucks, took his employees hostage, and threatened to detain or injure them unless he paid ransom money. At the time, he knew the NPA had done the same to other companies, hurt people who disobeyed their wishes, and that he was aware of "a lot" of instances where they had harmed individuals. Because Lee otherwise fails to raise a colorable legal or constitutional challenge to the agency's application of the material support bar, we lack jurisdiction to disturb its denial of asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(2)(D); 8 U.S.C. § 1252(a)(2)(D).

## II

We deny Lee's petition for review of the denial of his application for CAT relief. *See Rayamajhi*, 912 F.3d at 1243 ("The material support bar does not apply to deferral of removal under CAT."). The record does not compel concluding that Lee "more likely than not" faces torture "with the consent or acquiescence of a public official" if removed to the Philippines. *Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019); *see also Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Lee never experienced physical harm, was offered protection by the Filipino authorities, lived safely in the Philippines for over a decade after his run-in with the NPA, and does not claim he ever considered relocating for his

4

safety. "[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard." *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

III

The BIA correctly determined that the IJ did not violate Lee's due process rights by failing to advise him that he could apply for a discretionary waiver of the material support bar. *Cruz Rendon*, 603 F.3d at 1109 (reviewing de novo). "To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error *and* substantial prejudice." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (citation omitted) (emphasis added). Substantial prejudice is established when "the outcome of the proceeding may have been affected by the alleged violation." *Id.* (internal quotation marks omitted).

Even assuming the IJ's failure to advise was a violation, Lee has not shown that it affected his proceeding's outcome. Only applicants who are "otherwise eligible" for relief may seek discretionary exemptions for material support given under duress. *See* EXERCISE OF AUTHORITY UNDER SECTION 212(D)(3)(B)(I) OF THE IMMIGRATION AND NATIONALITY ACT, 79 Fed. Reg. 6914-01, 2014 WL 412622 (Feb. 5, 2014) (stating that those seeking waivers must be "otherwise eligible" for relief but for the material support bar).

5

The agency did not err in concluding that Lee failed to establish eligibility for CAT relief. And, considered only as necessary to resolve Lee's due process claim, substantial evidence supports the agency's denial of Lee's asylum and withholding of removal applications on their merits. *See Negrete-Ramirez*, 741 F.3d at 1050 ("We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the legal question of whether [petitioners are] statutorily eligible to apply for . . . waiver[s]."). The record does not compel the conclusion that the NPA targeted Lee's business due to his Chinese heritage or that the Filipino government, whose Army protected Lee, was unable or unwilling to control the NPA. *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) (stating elements for showing past persecution). Nor does the record compel concluding that any subjective fear of future persecution was objectively reasonable. Because Lee did not establish an objective well-founded fear sufficient for asylum, he necessarily failed to satisfy withholding of removal's "more stringent standard" of a "clear probability" that he will face persecution if deported. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Because Lee failed to establish his threshold eligibility for relief, he would not have been eligible for the waiver, even if informed of it. *See C.J.L.G. v. Barr*, 923 F.3d 622, 627 (9th Cir. 2019) ("A failure to advise can be excused only when

6

the petitioner's eligibility for relief is not 'plausible.'" (citation omitted)).  That the agency had independent, alternative grounds for denying Lee's claims on the merits reinforces that he was not prejudiced by any procedural error in its application of the material support bar.  *Pagayon v. Holder*, 675 F.3d 1182, 1191–92 (9th Cir. 2011) (establishing prejudice is required).

**PETITION DISMISSED in part and DENIED in part.**