**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL PABLO RAMOS MERINO; GRACIEL A RAMOS-PUEL; DAPHNE F RAMOS-PUEL; OLGUITO NOEMI PUEL-ROSILLO; DYLAN GAEL RAMOS-PUEL,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1134<br><br>Agency Nos.<br>A241-845-454<br>A241-845-456<br>A241-845-457<br>A241-845-455<br>A241-845-458<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2025[**]
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Petitioner Saul Pablo Ramos-Merino and his wife Olguita Noemi Puel-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rosillo and their three minor children, natives and citizens of Peru, petition for review of the Board of Immigration Appeals ("BIA") order affirming the immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Because the BIA affirmed the IJ's decision while citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and added its own analysis, we review both the IJ and BIA decisions. *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020). We review factual findings for substantial evidence and purely legal questions *de novo*. *Id.* We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's denial of asylum and withholding of removal. A noncitizen who has engaged in "terrorist activity" cannot obtain asylum or withholding of removal. *See* 8 U.S.C. § 1182(a)(3)(B)(i)(I) (stating that a noncitizen who has engaged in "terrorist activity" is inadmissible); *id.* § 1158(b)(2)(A)(v) (stating that a noncitizen described in § 1182(a)(3)(B)(i)(I) is ineligible for asylum); *id.* § 1227(a)(4)(B) (stating that any noncitizen described in § 1182(a)(3)(B) is removable); *id.* § 1231(b)(3)(B)(iv) (stating that a noncitizen described in § 1227(a)(4)(B) is ineligible for withholding of removal). "Engaging in terrorist activity" is defined, in part, as committing an act that the actor knows,

or reasonably should know, affords "material support" to a designated terrorist organization. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1244 (9th Cir. 2019) (citing 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)).

The IJ found that Petitioner provided material support to the Shining Path, a designated terrorist organization in Peru, when he complied with a demand from Shining Path members to give them 5,000 soles. On appeal, Petitioners contend that they should be granted asylum and withholding of removal because Petitioner was under duress. But we can only consider petitions for review of denials of asylum and withholding of removal under the material support bar that raise "colorable constitutional claims or questions of law," and we have held that "the material support bar does not include an implied exception for individuals who give support to a terrorist organization while under duress." *Rayamajhi*, 912 F.3d at 1244 (internal quotation marks omitted). Because Petitioners' duress argument is not colorable in light of our precedent, we lack jurisdiction to consider it and we dismiss this portion of the petition.

Substantial evidence supports the BIA's denial of Petitioners' request for CAT protection. Noncitizens who have engaged in terrorist activities remain eligible for deferral of removal under CAT. *Bojnoordi v. Holder*, 757 F.3d 1075, 1077 (9th Cir. 2014); 8 C.F.R. § 1208.16(c)(4) (stating that deferral of removal is available for applicants who would otherwise be barred from withholding of

removal).  To be eligible for deferral of removal under CAT, the noncitizen has the burden of proof to establish that it is more likely than not that he or she would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" if removed to the proposed country of removal.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citation omitted); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  "Torture is defined as an extreme form of cruel and inhuman treatment that is specifically intended to inflict severe physical or mental pain or suffering." *Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (internal quotation marks omitted).  In assessing eligibility for CAT relief, all evidence relevant to the possibility of future torture should be considered, including evidence of past torture, evidence regarding whether the applicant could relocate to a different part of the country of removal, and evidence of country conditions.  8 U.S.C. § 208.16(c)(3).

Petitioners make a generalized argument that they are eligible for protection under CAT, but Petitioners do not point to any evidence in the record to support their argument and do not directly challenge any of the BIA's determinations regarding their CAT claim.  The BIA concluded that the extortion, threats, and beating Petitioner received from the Shining Path members in Peru did not amount to past torture, and that Petitioner did not demonstrate that he faces a clear likelihood of future torture in Peru or that such torture would be inflicted by or

4                                                                                                    24-1134

with the consent or acquiescence of Peruvian public officials. Petitioners forfeited these issues on appeal because they did not meaningfully address them. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended) (stating that the court need not address issues mentioned in a single sentence of the opening brief without any coherent development of the argument).

Even if the issues were not forfeited, substantial evidence supports the BIA's denial of deferral of removal under CAT because Petitioner did not show it is more likely than not he will be tortured by or with the consent or acquiescence of a Peruvian official if returned to Peru. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Petitioners appear to argue that the Peruvian government acquiesced because it did not do anything to stop the Shining Path from threatening Petitioner, but "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**DISMISSED in part and DENIED in part.**